UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHENIQUA T., | |
| Plaintiff, | Case No. C24-860-MLP |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits. The parties agree that the ALJ's decision is not supported by substantial evidence and should be remanded, but disagree on the nature of the remand. Plaintiff argues for a finding of disability and award of benefits (dkt. ## 12, 18), while the Commissioner contends remand for further proceedings is the proper remedy. (Dkt. # 17.) Having considered the ALJ's decision, the administrative record ("AR"), and the parties' briefing, the Court REVERSES the Commissioner's final decision and REMANDS the matter for an award of benefits under sentence four of 42 U.S.C. § 405(g).[1]

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

ORDER - 1

1

## II.    BACKGROUND

2      Plaintiff was born in 1979, has a high school education, and previously worked as a

3 customer service scheduler, taxi dispatcher, and property clerk. AR at 211, 1065-66. Plaintiff

4 was last gainfully employed before January 1, 2018. *Id.* at 1056.

5      In October 2019, Plaintiff applied for benefits, alleging disability as of January 1, 2018,

6 which she later amended to December 1, 2019. AR at 211-23, 242. Her applications were denied

7 initially and on reconsideration, and she requested a hearing. *Id.* at 102-29. After conducting a

8 hearing in March 2021, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 12-29. The

9 Appeals Council denied Plaintiff's request for review, making the ALJ's decision the

10 Commissioner's final decision. *Id.* at 1-6. Plaintiff appealed the final decision of the

11 Commissioner to this Court. *Id.* at 1131-32.

12      In July 2022, this Court reversed the ALJ's decision and remanded the case for further

13 proceedings with instructions for the ALJ to reassess the opinion of Plaintiff's treating nurse

14 practitioner and Plaintiff's testimony. AR at 1133-44, 1171. Following hearings in June 2023 and

15 January 2024, the ALJ issued another unfavorable decision. *Id.* at 1050-76.

16      Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, that

17 based on Plaintiff's substance abuse, Plaintiff met the criteria of Listing 12.04. AR at 1057-59.

18 However, the ALJ found that if Plaintiff stopped using substances, she would not meet or equal a

19 listing, and her limitations would not prevent her from performing other work in the national

20 economy. *Id.* at 1057, 1061-62, 1066-67. This appeal followed. (Dkt. # 4.)

21 //

22 //

23

---

[2] 20 C.F.R. §§ 404.1520, 416.920.

### III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). In applying this standard, the Court must consider the record as a whole to determine whether it contains sufficient evidence to support the ALJ's findings. *Id.*

Although the Court evaluates the record as a whole, it is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). The ALJ is tasked with evaluating testimony, resolving conflicts in the medical evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95. Where the evidence can be interpreted in more than one rational way, the ALJ's decision must be upheld. *Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

### IV.    DISCUSSION

#### A.    The Proper Remedy is Remand for Further Proceedings

Plaintiff argues that the ALJ's mishandling of Dr. Laura Hopper's opinion compels an award of benefits. (Dkt. ## 12 at 5, 18 at 2-4.) Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). To determine whether such an award is appropriate, the Court

1   applies a three-factor test: (1) did the ALJ fail to provide legally sufficient reasons for rejecting

2   evidence; (2) are there any outstanding issues to resolve before determining disability; and (3)

3   would the ALJ need to find the claimant disabled if the rejected evidence were credited as true.

4   *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

5         In this case, all three prongs of the *Garrison* test are satisfied. The ALJ deemed Dr.

6   Hopper's opinion "significantly" persuasive, citing its consistency with all of the medical

7   evidence available up to the date of the decision. AR at 1063. Dr. Hopper testified that even

8   during sober periods, Plaintiff would be off-task 12 to 20% of the time and would miss one to

9   two workdays each month. *Id.* at 1116-17, 1121. A vocational expert ("VE") corroborated that

10  these limitations would prevent competitive employment. *Id.* at 1128-29. Still, the ALJ offered

11  no explanations to justify the rejection of Dr. Hopper's evaluations concerning Plaintiff's

12  limitations or the relevance of Drug Addiction or Alcoholism ("DAA"). *Id.* at 1061-63. The

13  ALJ's error in this regard is evident and the record does not establish serious doubt that Plaintiff

14  is in fact disabled.

15        In reviewing the ALJ's decision, the Court must rely on the reasons discussed by the ALJ

16  and may not fashion reasons on its own to affirm. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir.

17  2017). Although the Commissioner contends it is unclear whether the ALJ intended to adopt Dr.

18  Hopper's opinion of Plaintiff's off-task behavior (dkt. # 17 at 5), the record reflects otherwise.

19  The ALJ sought Dr. Hopper's testimony and found it persuasive due to its alignment with the

20  longitudinal record. AR at 1061-63. The Court rejects the Commissioner's invitation to

21  scrutinize the ALJ's decision and fabricate findings that contradict the ALJ's explicit

22  conclusions. *Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1225 (9th Cir. 2009) (the court

23

1    reviews the ALJ's decision "based on the reasoning and findings offered by the ALJ—not post

2    hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.").

3         The Commissioner further claims that significant questions surrounding DAA remain

4    unresolved among the medical opinions. (Dkt. # 17 at 5-10.) But Drs. Leslie Postovo and Bruce

5    Eather asserted that DAA was irrelevant to the disability determination. AR at 74, 83, 93, 101.

6    Likewise, Dr. Majid Azzedine acknowledged Plaintiff's substance use but attributed no

7    significant functional impairments to it, *id.* at 2326-27, and ARNP Molly Davenport's evaluation

8    explicitly noted that "any limitations due to current alcohol or drug use" were excluded from her

9    assessment. *Id.* at 1046-49. Collectively, these medical opinions reflect a broad consensus among

10   Plaintiff's healthcare providers that substantial impairments exist without the influence of DAA.

11        Finally, the Commissioner argues that further proceedings are necessary for the ALJ to

12   evaluate Plaintiff's testimony and the lay witness statements. (Dkt. # 17 at 10-14.) This argument

13   is not persuasive. The ALJ assigned significant weight to Dr. Hopper's opinion, noting that it

14   was consistent with the overall record. AR at 1061-63, 1116-17, 1121. A VE confirmed that the

15   limitations identified by Dr. Hopper precluded competitive employment. *Id.* at 1128-29. These

16   factors alone establish Plaintiff's disability status without further need to assess Plaintiff's

17   testimony or the lay witness statements.

18        The "exceptional facts" of this case strongly favor remand for immediate payment of

19   benefits. *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990). Plaintiff applied for benefits

20   more than five years ago, asserting a disability stemming from multiple impairments that

21   significantly hinder her abilities, with ample corroboration from the longitudinal record. The ALJ

22   found Dr. Hopper's opinion credible and provided no rationale for discounting it. The record is

23   complete and the ALJ has already had two opportunities to evaluate Plaintiff's claims.

"The Commissioner is not entitled to repeatedly bounce a case back and forth between the different levels of reviewing tribunals until he eventually applies the proper legal standards to Plaintiff's claims; fairness demands an expeditious review process." *Davis v. Saul*, 2020 WL 3060415, at *5 (N.D. Cal. June 9, 2020).[3] Under these circumstances, granting the Commissioner a third opportunity to meet his burden would perpetuate the very "heads we win; tails, let's play again" disability benefits system that the Ninth Circuit has consistently warned against. *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). "[F]urther delays at this point would be unduly burdensome." *Trevizo v. Berryhill*, 871 F.3d 664, 682-83 (9th Cir. 2017).[4]

In sum, the Court finds no justification to exercise its discretion to mandate yet another hearing. The overwhelming evidence supports an immediate award of benefits. Thus, the proper remedy is a remand for an immediate award, ensuring that Plaintiff receives the benefits to which she is entitled without further unnecessary delay.

## V.    CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for an award of benefits under sentence four of 42 U.S.C. § 405(g).

Dated this <u>2nd</u> day of January, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

---

[3] *See also Kaskie v. Comm'r of Soc. Sec.*, 2024 WL 4524188, at *4 (D. Ariz. Oct. 18, 2024) (rejecting argument that remand for a third time was needed to properly evaluate medical opinions and granting benefits); *K.J. v. Kijakazi*, 2024 WL 2113861, at *9 (N.D. Cal. May 6, 2024) (same); *Garcia v. Comm'r of Soc. Sec.*, 2024 WL 1886569, at *13 (E.D. Cal. April 30, 2024) ("Allowing the ALJ a 'redo' would only grant the ALJ an unwarranted do over and punish" Plaintiff) (internal citation omitted).

[4] *See also Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996) (remanding for benefits where the claimant "waited over seven years for her disability determination."); *Terry*, 903 F.2d at 1280 (granting benefits where claimant applied for benefits four years prior, despite lack of development regarding a possible job).

ORDER - 6